DECISION AND JUDGMENT ENTRY
This legal malpractice case comes to us as an accelerated appeal from the decision of the Lucas County Court of Common Pleas, which granted appellee Peter G. Rost's motion for summary judgment. For the reasons that follow, we find that the decision must be reversed.
This case stems from appellee's alleged failure to appear on appellant's behalf at a February 27, 1997 hearing before the Ohio Liquor Control Commission. Following the hearing, appellant's liquor license was revoked. After appellant filed her lawsuit in the trial court, the trial court granted appellee's motion for summary judgment, holding that appellant's complaint was time-barred by the statute of limitations. Appellant's sole assignment of error is as follows:
 "The Trial Court erred in granting Defendant/Appellee's Motion for Summary Judgment regarding the accrual date of Plaintiff/Appellant's cause of action and in consequently determining that the statutory limitations period lapsed prior to Plaintiff/Appellant's initiation of her lawsuit. (Appendix No. 1.)"
The parties agree that, pursuant to R.C. 2305.11(A), the statute of limitations is one year from the date that the cause of action accrued. The issue here is the date on which that occurred. The Supreme Court of Ohio has explained,
 "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. * * *." Zimmie v. Calfee, Halter and Griswold (1989), 43 Ohio St.3d 54, syllabus.
In other words, the trial court must determine two dates, the date on which the "cognizable event" occurred, and the date on which the attorney/client relationship for that particular transaction terminated. After determining these two dates, the trial court must then determine which is later, for the later date is the date on which the cause of action accrued. See Zimmie, 54 Ohio St.3d 43, at syllabus.
In this case, there is a dispute of fact over the first date, the date on which the cognizable event occurred. Appellant testified in her deposition that she did not know that appellee failed to appear at the hearing until May 1998, when she received a transcript of the hearing. On the other hand, Delta Police Chief Dan Nichols testified that he told appellant on February 27, 1997, when he served appellant with notice of the revocation of her liquor license, that nobody appeared on her behalf at the hearing. Because there is a dispute of fact about the date on which the cognizable event occurred, summary judgment was improper.[1]
Additionally, the date on which the attorney/client relationship terminated is a question of fact. Omni Food Fashion, Inc. v. Smith
(1988), 38 Ohio St.3d 385, 388. Having reviewed the record of the proceedings below, we find that reasonable minds could come to more than one conclusion about when the attorney/client relationship terminated. Therefore, summary judgment was improper for this reason as well, and appellant's sole assignment of error is found well-taken.
Upon consideration whereof, we find that substantial justice was not done appellant, and the decision of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Appellee is ordered to pay the court costs of this appeal.
 ____________________ PIETRYKOWSKI, P.J.
 James R. Sherck, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., CONCUR.
[1] Appellee claims that the February 27, 1997 order revoking appellant's liquor license gave notice to appellant that appellee did not appear on her behalf at the hearing. The order states, "The Permit Holder, having received proper notice, failed to appear." Appellant testified that she understood this only to mean that she, herself, did not appear.